RMP:LM/KPO
F. #2024R000152/NY-NYE-0966

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. _____ |
| ELKIN ARMANDO ALOMIA QUINONES, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ DIEGO LUIS OBREGON AGUIRRE, EDWIN OBREGON CASTRO, JUAN MATIAS OBREGON CASTRO, also known as "Mauricio," RODRIGO OBREGON SAAVEDRA, also known as "Don Ricky," NARJEL PAREDES, also known as "Nacho," ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants. | (T. 21, U.S.C., §§ 853(a), 853(p), 881(a), 959(d), 960(b)(1)(B)(ii), 963 and 970; T. 28, U.S.C., § 2461(c); T. 46, U.S.C., §§ 70503(a)(1), 70503(b), 70504(b)(2), 70506(a), 70506(b) and 70507(a); T. 18, U.S.C., §§ 2, 3238 and 3551 et seq.) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Violate the Maritime Drug Law Enforcement Act)

1.  In or about and between January 2023 and October 2023, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ELKIN ARMANDO ALOMIA QUINONES, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DIEGO LUIS OBREGON AGUIRRE, EDWIN OBREGON CASTRO, JUAN MATIAS OBREGON CASTRO, also known as "Mauricio,"

RODRIGO OBREGON SAAVEDRA, also known as "Don Ricky," NARJEL PAREDES, also known as "Nacho," ███████████████ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 46, United States Code, Section 70503(a)(1). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 46, United States Code, Sections 70506(b), 70506(a), 70503(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Cocaine Distribution Conspiracy)

2. In or about and between January 2023 and October 2023, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ELKIN ARMANDO ALOMIA QUINONES, ███████████████ ███████████████ DIEGO LUIS OBREGON AGUIRRE, EDWIN OBREGON CASTRO, JUAN MATIAS OBREGON CASTRO, also known as "Mauricio," RODRIGO OBREGON SAAVEDRA, also known as "Don Ricky," NARJEL PAREDES, also known as "Nacho," ███████████████ together with others, did knowingly and intentionally conspire to distribute a controlled substance intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing cocaine, a

Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 960(b)(1)(B)(ii) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT THREE
(Violation of the Maritime Drug Law Enforcement Act –
Approximately 2,312 Kilograms of Cocaine)

3. On or about June 27, 2023, within the extraterritorial jurisdiction of the United States, the defendants ELKIN ARMANDO ALOMIA QUINONES, DIEGO LUIS OBREGON AGUIRRE, EDWIN OBREGON CASTRO, JUAN MATIAS OBREGON CASTRO, also known as "Mauricio," NARJEL PAREDES, also known as "Nacho," and ████████████████████████████ together with others, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 46, United States Code, Sections 70503(a)(1), 70506(a) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT FOUR
(Violation of the Maritime Drug Law Enforcement Act –
Approximately 3,300 Kilograms of Cocaine)

4. On or about October 7, 2023, within the extraterritorial jurisdiction of the United States, the defendants ████████████████████████████████████████

███████ DIEGO LUIS OBREGON AGUIRRE, EDWIN OBREGON CASTRO, JUAN MATIAS OBREGON CASTRO, also known as "Mauricio," RODRIGO OBREGON SAAVEDRA, also known as "Don Ricky," NARJEL PAREDES, also known as "Nacho," ███ ████████████████████████ together with others, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 46, United States Code, Sections 70503(a)(1), 70506(a) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE, THREE AND FOUR

5. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One, Three and Four, the government will seek forfeiture in accordance with: (a) Title 46, United States Code, Section 70507(a), Title 21, United States Code, Section 881(a) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (i) all moneys, negotiable instruments, securities, and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 46, United States Code, Section 70503; (ii) all proceeds traceable to such an exchange, and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 46, United States Code, Section 70503; and (iii) all conveyances, including aircraft, vehicles, and vessels, which were used, or were intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of, property as described in Title 21, United States Code, Sections 881(a)(1),

881(a)(2) or 881(a)(9); and (b) Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (i) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (ii) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

      6.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 21, United States Code, Sections 853(a), 853(p), 881(a) and 970; Title 28, United States Code, Section 2461(c); Title 46, United States Code, Section 70507(a))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

      7.      The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person

6

convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

A TRUE BILL

s/
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK